IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
*******

| | |
|---|---|
| KOSEI OHNO, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 3:25-cv-00014 |
| | ) |
| v. | ) ACTION FOR TEMPORARY |
| | ) RESTRAING ORDER, PRELIMINARY |
| HONORABLE MARIO BROOKS, in | ) AND PERMANENT INJUNCTIVE |
| his capacity as COMMISSIONER OF | ) RELIEF, DECLARATORY JUDGMENT, |
| THE VIRGIN ISLANDS POLICE | ) AND ADMINISTRATIVE APPEAL |
| DEPARTMENT and GOVERNMENT | ) |
| OF THE VIRGIN ISLANDS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## FIRST AMENDED COMPLAINT

**COMES NOW** Plaintiff Kosei Ohno, by and through his undersigned attorneys, and states the following as and for his First Amended Complaint against the named Defendants:

## JURISDICTION

1. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367(a) (supplemental jurisdiction), and 48 U.S.C. § 1612(a).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1), (2).

## PARTIES

3. Plaintiff is a principal of Crown Bay Marina, L.P., a Virgin Islands entity, which owns and operates the Crown Bay Marina in St. Thomas, U.S. Virgin Islands.

4. Defendant Honorable Mario Brooks ("Commissioner Brooks") is the sitting Commissioner of the Virgin Islands Police Department ("VIPD"), an executive department of the Government of the Virgin Islands.

Case: 3:25-cv-00014-RAM-EAH  Document #: 2  Filed: 04/03/25  Page 2 of 9

Kosei Ohno v. Honorable Mario Brooks, et al.
District Court Case No. 3:25-cv-00014
First Amended Complaint
Page 2 of 9

5. Defendant Government of the Virgin Islands is the governing body for the United States Virgin Islands created by the United States Congress in the Revised Organic Act of the Virgin Islands of 1954, as amended ("ROA").

## FACTUAL ALLEGATIONS

6. Among other duties, Commissioner Brooks is tasked by law with the licensure of persons to possess and carry firearms in the Territory, and other duties relating to firearms, found in Title 23, Chapter 5, Virgin Islands Code ("Chapter 5").

7. The Second Amendment to the United States Constitution ("Second Amendment") applies to U.S. Virgin Islands with "…the same force and effect there as in the United States or in any State of the United States…" pursuant to ROA § 3, 48 U.S.C. § 1561.

8. The Legislature is empowered with broad authority make laws for the U.S. Virgin Islands so long as said laws are "…not inconsistent with this chapter or the laws of the United States made applicable to the Virgin Islands…" pursuant to ROA § 8(a), 48 U.S.C. § 1574(a).

9. In 2018, in compliance with Chapter 5, Plaintiff applied to the VIPD Firearms Division for "concealed carry" firearms licenses for two pistols, a 9mm HK P30 SK ("HK") and a .300 Sig Sauer MCX ("MCX").

10. Both the HK and MCX are handguns as defined in Chapter 5.

11. The then-VIPD Commissioner approved Plaintiff's application and issued him concealed carry licenses for both firearms.

12. In 2021, again in compliance with Chapter 5, Plaintiff applied to the VIPD to renew his concealed carry licenses for the HK and the MCX.

13. The then-VIPD Commissioner approved Plaintiff's application and renewed his concealed carry licenses for both firearms.

Case: 3:25-cv-00014-RAM-EAH    Document #: 2    Filed: 04/03/25    Page 3 of 9

Kosei Ohno v. Honorable Mario Brooks, et al.
District Court Case No. 3:25-cv-00014
First Amended Complaint
Page 3 of 9

14. Between 2018 and today, Chapter 5 has not been amended in any manner that affects Plaintiff's qualifications to obtain further renewals of his concealed carry licenses or the status and/or classification of his firearms.

15. Since 2008, the United States Supreme Court has clarified and emphasized that the Second Amendment is a right personal to all law-abiding persons, restricts federal, state, and local governments from unduly infringing on this personal right, and includes the presumptive right to possess and carry firearms for defense.

16. The Government of the Virgin Islands has not substantively amended Chapter 5 to conform it to the clarified scope of the Second Amendment.

17. Recently, the Governor of the Virgin Islands publicly stated that the Territory's existing firearms laws reflect a failed policy.

18. Recently, the United States Attorney General emphasized that all governments under the United States flag have the duty to protect the Second Amendment rights of all law-abiding people.

19. In August 2024, again in compliance with Chapter 5, Plaintiff attempted to renew his concealed carry licenses for both firearms but VIPD refused to accept Plaintiff's application until Plaintiff obtained a Virgin Islands driver's license.

20. For the first time ever, Plaintiff was advised he was required to provide a Virgin Islands driver's license in order to obtain a renewal of his concealed carry firearms licenses.

21. October of 2024, again in compliance with Chapter 5, Plaintiff applied to renew his concealed carry licenses for both firearms.

Case: 3:25-cv-00014-RAM-EAH   Document #: 2   Filed: 04/03/25   Page 4 of 9

Kosei Ohno v. Honorable Mario Brooks, et al.
District Court Case No. 3:25-cv-00014
First Amended Complaint
Page 4 of 9

22. Plaintiff resides in the State of Washington and, when he comes to the Virgin Islands to attend to the business of the Crown Bay Marina, does not remain in the Territory for a period of time that requires him to obtain a Virgin Islands driver's license.

23. On October 21, 2024, Plaintiff, through counsel, wrote to Commissioner Brooks and Lt. Jorge Gonzalez, the Director of the VIPD Firearms Bureau, detailing why Chapter 5 does not require him to have a Virgin Islands driver's license.

24. The October 21, 2024 also detailed the host of reasons Plaintiff obtained and maintains firearms as the principal of Crown Bay Marina, a Virgin Islands business, including, but not limited to: a) a 2017 scissors assault on Plaintiff and other Crown Bay Marina employees by a former employee; b) a 2019 firearm discharge on Crown Bay Marina property; c) Plaintiff was required to pursue, and obtain, a temporary restraining order against an opposing party in civil litigation because the opponent threatened Plaintiff and Crown Bay Marina employees; d) Plaintiff has received training and certification for firearms and explosives because Crown Bay Marina maintains certain security standards required by the Department of Homeland Security and the United States Coast Guard; and e) Plaintiff has a concealed carry license from the State of Washington.

25. The October 21, 2024 letter also noted that the Commissioner's decision was arbitrary and capricious and violated Plaintiff's rights under the Second Amendment, as construed by the United States Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 142 S.Ct. 2111 (2022) ("*Bruen*").

26. For all of the reasons set out in the October 21, 2024 letter, Plaintiff requested Commissioner Brooks grant his renewal application.

Case: 3:25-cv-00014-RAM-EAH   Document #: 2   Filed: 04/03/25   Page 5 of 9

Kosei Ohno v. Honorable Mario Brooks, et al.
District Court Case No. 3:25-cv-00014
First Amended Complaint
Page 5 of 9

27. Despite making inquiries, Plaintiff did not receive any response from Commissioner Brooks for several months.

28. During the inordinately long waiting period, Plaintiff was advised that VIPD would treat the filing of his renewal application as extending the life of his concealed carry firearms license for the HK and MCX.

29. By letter dated March 12, 2025, almost 5 months after Plaintiff submitted his renewal application, Commissioner Brooks advised he denied the renewal application because the MCX was an "assault weapon" under the Virgin Islands Code, had the capacity to be converted into a short-barreled rifle under federal regulations and the National Firearms Act ("NFA") – without stating the source of his authority to enforce federal statutes and regulations –, the MCX was not a "standard handgun" under Virgin Islands law and a concealed carry license is not available for that weapon, the MCX had a removable scope, and the Commissioner's decision did not violate *Bruen* because the MCX is a "military-style or tactical firearm."

30. Because Commissioner Brooks' March 12, 2025 letter did not address Plaintiff's renewal application as to the HK at all, Plaintiff's counsel requested clarification on the status of his renewal application for that firearm.

31. Plaintiff was advised the renewal application as to the HK was approved and would be issued in the ordinary course.

32. Plaintiff, again through counsel, replied by letter dated March 20, 2025, pointing out that the cited federal regulation, by its own definitions, does not apply to the U.S. Virgin Islands, the MCX is not an assault weapon as defined by Virgin Islands law, the presence of absence of a scope is not a basis for changing the classification of a firearm under Virgin Islands law, the MCX is eligible for a concealed carry license under Chapter 5, and reiterated that the

Case: 3:25-cv-00014-RAM-EAH    Document #: 2    Filed: 04/03/25    Page 6 of 9

Kosei Ohno v. Honorable Mario Brooks, et al.
District Court Case No. 3:25-cv-00014
First Amended Complaint
Page 6 of 9

Commissioner Brooks' decision was an arbitrary abuse of discretion and requested issuance of the renewed concealed carry license for the MCX.

33. Despite Plaintiff's request for a response by March 26, 2025, Commissioner Brooks failed to further respond at all, prompting Plaintiff to file this action seeking injunctive (immediate, preliminary, and permanent) and declaratory relief and as his timely appeal of Commissioner Brooks' decision pursuant to 23 V.I.C. § 472.

34. This case was reported in the on-line press the morning after it was filed, announcing to the world that Plaintiff no longer has one of his chosen defense firearms and leaving him, and his business and its employees, open as potential targets of the criminal element.

## **COUNT ONE**

35. Plaintiff restates paragraphs 1 through 34 hereof as though fully set forth herein.

36. Plaintiff qualifies as a person eligible to receive a concealed carry firearms license under Chapter 5.

37. Plaintiff is a law-abiding citizen and has a presumptive right to possess and carry firearms for protection of himself, his business, Crown Bay Marina, and its employees.

38. Plaintiff's MCX qualifies as a pistol that is classified as a "handgun" under Chapter 5.

39. Plaintiff's MCX qualifies as a "concealed firearm or handgun" under Virgin Islands law.

40. No Virgin Islands law or federal regulation prohibits Plaintiff from owning, possessing or carrying the MCX or receiving a Virgin Islands concealed carry firearm for the same.

41. Commissioner Brooks' decision to deny Plaintiff's renewal application for a concealed carry license for his MCX, particularly since Plaintiff twice received such a license for

Case: 3:25-cv-00014-RAM-EAH Document #: 2 Filed: 04/03/25 Page 7 of 9

Kosei Ohno v. Honorable Mario Brooks, et al.
District Court Case No. 3:25-cv-00014
First Amended Complaint
Page 7 of 9

MCX and applicable laws have not changed, is arbitrary, capricious, contrary to Virgin Islands law and federal regulations, and violates Plaintiff's Second Amendment and Due Process rights.

42. Commissioner Brooks' arbitrary and capricious decision to deny Plaintiff's renewal application for a concealed carry license for his MCX leaves Plaintiff without one of his chosen defense firearms, violating his Second Amendment right to arm himself for defense.

43. Commissioner Brooks' arbitrary and capricious decision to deny Plaintiff's renewal application for a concealed carry license for his MCX leaves Plaintiff exposed for possible criminal investigation and prosecution for exercising his Second Amendment right to arm himself for defense, and confiscation of the MCX, while this case is pending

44. Commissioner Brooks' arbitrary and capricious decision to deny Plaintiff's renewal application for a concealed carry license for his MCX and the prompt press coverage of this case leaves Plaintiff, and his business and its employees, exposed as targets of the criminal element as they know Plaintiff does not have the protection he previously possessed.

45. Plaintiff requests, and has established grounds for, this Court issue a temporary restraining order maintain the status quo *pendente lite* continuing the life of his 2021 concealed carry firearm license for his MCX so Plaintiff can immediately continue to exercise his presumptive Second Amendment rights without fear of prosecution and/or confiscation of the MCX.

## COUNT TWO

46. Plaintiff restates paragraphs 1 through 45 hereof as though fully set forth herein.

47. Plaintiff requests, and has established grounds for, this Court issue mandatory preliminary and permanent injunctive relief directing Commissioner Brooks to forthwith issue to Plaintiff a renewed concealed carry firearms license for his MCX.

Case: 3:25-cv-00014-RAM-EAH Document #: 2 Filed: 04/03/25 Page 8 of 9

Kosei Ohno v. Honorable Mario Brooks, et al.
District Court Case No. 3:25-cv-00014
First Amended Complaint
Page 8 of 9

## COUNT THREE

48. Plaintiff restates paragraphs 1 through 47 hereof as though fully set forth herein.

49. Plaintiff requests, and has established grounds for, this Court, in reviewing Commissioner Brooks' denial of Plaintiff's renewal application for his MCX pursuant to 23 V.I.C. § 472, issue an order reversing and/or vacating Commissioner Brooks' decision denying Plaintiff's renewal application for a concealed carry firearms license for his MCX and directing Commissioner Brooks to forthwith issue to Plaintiff a renewed concealed carry firearms license for his MCX.

## COUNT FOUR

50. Plaintiff restates paragraphs 1 through 49 hereof as though fully set forth herein.

51. On its face, Chapter 5 violates Plaintiff's Second Amendment and Due Process rights in several ways, including, but not limited to: a) creating a presumption that law-abiding persons are not entitled to carry and possess firearms for the defense of themselves, their businesses and other property, and/or defense of others; b) creating very limited classifications of persons who are entitled to carry and/or possess firearms in the Territory; c) creating very limited classification of persons who are eligible to apply for and receive licenses to carry and/or possess firearms in the Territory; d) vesting unbridled discretion in the Police Commissioner to approve or deny applications for licenses to possess and/or carry firearms in the Territory; e) the VIPD's existing firearms rules and regulations were not properly promulged under Virgin Islands law; and f) creating an arbitrary and non-sensical standard for appeals of the Police Commissioner's denial of applications to possess and/or carry firearms in the Territory.

Case: 3:25-cv-00014-RAM-EAH     Document #: 2     Filed: 04/03/25     Page 9 of 9

Kosei Ohno v. Honorable Mario Brooks, et al.
District Court Case No. 3:25-cv-00014
First Amended Complaint
Page 9 of 9

52. Plaintiff requests, and has established grounds for, this Court issue declaratory judgment pronouncing Chapter 5 is void and unenforceable, as well as the VIPD's existing firearms rules and regulations, as violative of the Second Amendment.

## COUNT FIVE

53. Plaintiff restates paragraphs 1 through 52 hereof as though fully set forth herein.

54. On its face, Chapter 5 is inconsistent with the Second Amendment, which is a United States law applicable to the United States Virgin Islands.

55. Plaintiff requests, and has established grounds for, this Court issue declaratory judgment pronouncing Chapter 5 is void and unenforceable as violative of ROA § 8(a).

WHEREFORE, Plaintiff request the Court issue the following relief:

a. All relief requested in Counts One through Five above;

b. An award of reasonable costs and attorney's fees; and

c. Such other relief as this Court deems appropriate and within its jurisdiction.

Respectfully submitted,

Dated: April 3, 2025

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, LLC**

By: */s/ Adam G. Christian*
Adam G. Christian, Esq. (VI Bar No. 441)
The Tunick Building, Suite 201
1336 Beltjen Road
St. Thomas, VI 00802
Telephone: (340) 714-1235
Email: adam.christian@ogletree.com

*Attorneys for Plaintiff*