IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KOSEI OHNO<br><br>**Plaintiff,**<br><br>v.<br><br>HONORABLE MARIO BROOKS, in his capacity as COMMISSIONER OF THE VIRGIN ISLANDS POLICE DEPARTMENT and GOVERNMENT OF THE VIRGIN ISLANDS<br><br>**Defendants.** | 3:25-cv-00014 |

## MOTION TO DISMISS FOR LACK OF JURISDICTION DUE TO MOOTNESS

COME NOW Defendants Mario Brooks, in his capacity as Commissioner of the Virgin Islands Police Department, and Government of the Virgin Islands, by and through the Virgin Islands Department of Justice, and, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, move to dismiss this matter for lack of subject matter jurisdiction, due to mootness.

After further consideration, Defendants have decided to grant Plaintiff Kosei Ohno's application, submitted in August 2024, to renew his license for his .300 Sig Sauer MCX ("MCX"), and have so notified Mr. Ohno, through counsel. With the grant of his application and renewal of his license, Mr. Ohno has received all the relief that this Court can afford him and his request for a declaratory judgment invalidating the Virgin Islands firearms statutes and regulations pertaining to firearms is moot.

### STANDARD OF REVIEW

Article III of the United States Constitution, requires that "there be a live case or controversy at the time that a federal court decides [a] case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). "The availability of declaratory and injunctive relief depends on whether there is a live

dispute between the parties." *Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003)(quotation omitted). "[I]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Id.* (quotation omitted). When a case is moot, the Court lacks federal subject matter jurisdiction. *Koons v. XL Ins. Am., Inc.*, 620 F. App'x 110, 112 (3d Cir. 2015)

"For a case to be moot in the Article III sense, all plaintiffs who once had Article III standing must have lost it, and none of the recognized exceptions to mootness can apply." *Gulden v. Exxon Mobil Corp.*, 119 F.4th 299, 305 (3d Cir. 2024). One of the Article III standing requirements is that there be "an injury-in-fact." *Id.* Even if the plaintiff can establish an injury-in-fact at the time of filing, the loss of that element during the pendency of the litigation "subjects the affected claims or requests for relief to potential dismissal on mootness grounds." *Id.*

Defendant has the burden of showing that no mootness exception applies. *Id.* "The voluntary-cessation exception applies when a defendant ceases the allegedly illegal conduct that caused the injury but remains free to return to his old ways." *Id. at* 308 (quotation omitted). "The capable-of-repetition prong of the exception requires a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." *Id.* at 309 (quotation omitted).

## ARGUMENT

Because Mr. Ohno's application for a renewal of his firearms license has now been granted, he no longer has an injury-in-fact. None of the exceptions to the mootness doctrine apply. Therefore, the Court must dismiss Mr. Ohno's Complaint for lack of subject matter

jurisdiction.

Mr. Ohno's Complaint consists of five counts. In Count One, he seeks the issuance of "a temporary restraining order maintain[ing] the status quo *pendente lite* continuing the life of his 2021 concealed carry firearm for his MCX." Compl. ¶ 45. Based on the parties' stipulation, the Court already granted a preliminary injunction extending Mr. Ohno's concealed carry firearm for his MCX. Thus, there is no further relief that the Court can grant with respect to Count One.

In Count Two, Mr. Ohno requests that "this Court issue mandatory preliminary and permanent injunctive relief directing Commissioner Brooks to forthwith issue to Plaintiff a renewed concealed carry license for his MCX." Compl. ¶ 47. Because Commissioner Brooks has decided to grant Mr. Ohno's application to renew his license for his MCX, there is no further relief that the Court can grant with respect to Count Two.

In Count Three, Mr. Ohno also requests that the Court "issue an order reversing and/or vacating Commissioner Brooks' decision denying Plaintiff's renewal application for a concealed carry firearms license for his MCX and directing Commissioner Brooks to forthwith issue to Plaintiff a renewed concealed carry firearms license for his MCX." Compl. ¶ 49. Again because Commissioner Brooks has reversed his denial of Plaintiff's renewal application and will be renewing Mr. Ohno's "Business Protections" license for his MCX, which is a concealed carry firearms license, there is no further relief for the Court to grant as to Count Three.

In Count Four, Mr. Ohno request that "this Court issue [a] declaratory judgment pronouncing Chapter 5 is void and unenforceable, as well as the VIPD's existing firearms rule and regulations, as violative of the Second Amendment." Compl. ¶ 52. Similarly in Count Five, Mr. Ohno seeks a declaratory judgment "pronouncing Chapter is void and unenforceable, as violation of [Revised Organic Act of the Virgin Islands of 1954] § 8(a)." Compl. ¶ 55.

"[T]he reversal of an unfavorable decision based on the challenged law can also moot a facial challenge by undermining the injury-in-fact upon which standing was based at the outset of the suit." *Vertex Tower Assets, LLC v. Town of Wakefield*, 2025 U.S. Dist. LEXIS 57920, *18-19 (D.N.H. Mar. 24, 2025). In *Severino v. Rovella*, 2024 U.S. Dist. LEXIS 6607 (D. Conn. Jan. 12, 2024), under similar circumstances, the court found that a facial challenge to a state pistol permitting statute was mooted by the grant of the pistol permit to plaintiff during the pendency of the federal action. Just as in *Severino*, the approval of Mr. Ohno's renewal application has eliminated the injury upon which his standing to pursue the facial challenge was based — denial of his application. Because this injury has been abated, Mr. Ohno's facial challenge is moot.

None of the exceptions to the mootness doctrine apply. As in *Severino*, there is no reason to expect the alleged violation to recur against Mr. Ohno. The question is not whether the licensing structure is still in place, but whether Mr. Ohno will continue to have a license under that structure. *See id.* at *11-12. By issuing Mr. Ohno a license, Defendants have not thwarted his ability to obtain relief, but rather have provided him the very relief he sought. *See id.* "And nothing in this record suggests that the alleged violation will recur specifically against Mr. [Ohno], or that Defendants will, or even have the authority to, reverse course" as to Mr. Ohno's permit. *See id.* (footnote omitted).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court **GRANT** their motion to dismiss Mr. Ohno's Complaint for lack of subject matter jurisdiction due to mootness.

        Respectfully submitted,

        GORDON RHEA, ESQ.
        ATTORNEY GENERAL

**Dated**: June 23, 2025      **BY**:   */s/ Julie Beberman, Esq.*
        Julie Beberman, Esq.
        Assistant Attorney General
        Department of Justice
        6151 Estate LaReine
        Kingshill VI  00850
        julie.beberman@doj.vi.gov