IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KOSEI OHNO<br><br>**Plaintiff,**<br><br>v.<br><br>HONORABLE MARIO BROOKS, in his capacity as COMMISSIONER OF THE VIRGIN ISLANDS POLICE DEPARTMENT and GOVERNMENT OF THE VIRGIN ISLANDS<br><br>**Defendants.** | 3:25-cv-00014 |

**MEMORANDUM OF LAW IN SUPPORT OF
SECOND MOTION TO DISMISS FOR LACK OF JURISDICTION**

COME NOW Defendants Mario Brooks, in his capacity as Commissioner of the Virgin Islands Police Department, and Government of the Virgin Islands, by and through the Virgin Islands Department of Justice, and, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, move to dismiss Plaintiff Kosei Ohno's Second Amended Complaint for lack of subject matter jurisdiction for the following reasons:

**I.    Background**

Mr. Ohno was issued a license for his .300 Sig Sauer MCX ("MCX") in 2018. ECF No. 47, Second Am. Compl. ¶¶ 12, 14. He successfully renewed his license in 2021. *Id.* ¶¶ 19-20. When he applied to renew his license for the MCX a second time in 2024, his application was denied. *Id.* ¶¶ 29, 38. Mr. Ohno then filed this action, consisting of five counts. ECF No. 2, First Am. Compl.

Based on the parties' stipulation, the Court entered a preliminary injunction requiring Defendants to "issue a Virgin Islands concealed carry firearm license" to Mr. Ohno, "which

extends his 2021 MCX license through May 23, 2028." ECF No. 30 at 1. The Court did not order Defendants to grant Mr. Ohno's renewal application, only that Defendants extend his 2021 license. *Id.*

Shortly thereafter, Commissioner Brooks, nonetheless, granted Mr. Ohno's renewal application and renewed Mr. Ohno's MCX license. ECF No. 35-1, Renewed License. Defendants then moved to dismiss this action as moot. ECF No. 33.

After the motion to dismiss was fully briefed, ECF No. 34, Ohno's Opp.; ECF No. 35, Defs.' Reply, but before the Court had ruled on it, Mr. Ohno moved to amend. ECF No. 36. Defendants opposed amendment, ECF No. 40, and Mr. Ohno replied, ECF No. 44.

The Magistrate Judge allowed amendment, ECF No. 45, rejecting Defendants' argument that this Court lacks subject matter jurisdiction based on mootness. The Magistrate Judge found that "the merits of Mr. Ohno's claims are still before the Court because they have not been adjudicated, and they are not moot." ECF No. 45, Order at 18. The Magistrate Judge also noted that "the District Judge has not adjudicated the pending Motion to Dismiss before this Court and thus has not determined that the Court has no subject matter jurisdiction over the [First Amended Complaint (FAC)]. Once the FAC is amended to add the new allegations and claims, that may very well moot the Motion to Dismiss. In any event, this Court rejects Defendants' argument that the FAC is moot and therefore the Court has no subject matter jurisdiction over the FAC, which would have ended the case prior to the Plaintiff filing the proposed [Second Amended Complaint]." *Id.* at 18-19.

In their motion to dismiss and reply, Defendants had argued that the claims Mr. Ohno made in his five-count, First Amended Complaint were moot. In Count One of his First Amended Complaint, Mr. Ohno sought a temporary restraining order to extend his 2021

concealed carry firearm license for his MCX, pending resolution of this matter. ECF No. 2, First Am. Compl. ¶¶ 45. The Court granted that relief upon the parties' stipulation and extended Mr. Ohno's concealed carry firearm license for his MCX. Defendants argued that there was no further relief the Court could grant on Count One.

In Counts Two and Three, Mr. Ohno requested a preliminary injunction mandating that Commissioner Brooks "forthwith issue to Plaintiff a renewed concealed carry firearm license for his MCX." Id. ¶¶ 47, 49. Defendants argued that, because Commissioner granted Mr. Ohno's application to renew his license, there was no further relief the Court could grant with respect to Count Two or Three.

In Count Four, Mr. Ohno asked that the "Court issue declaratory judgment pronouncing Chapter 5 is void and unenforceable, as well as the VIPD's existing firearms rules and regulations, as violative of the Second Amendment." Id. ¶ 52. And, in Count Five, he requested a "declaratory judgment pronouncing Chapter 5 is void and unenforceable as violative of [the Revised Organic Act of the Virgin Islands of 1954, as amended ("ROA")] § 8(a). Id. ¶¶ 5, 55. Defendants argued that, because Mr. Ohno could not show any injury that the V.I. laws and regulations were causing him, Counts Four and Five were moot.

The new claims made in Mr. Ohno's Second Amended Complaint are not summarized here, because they are not relevant to this Second Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendants maintain that, because the claims made in Mr. Ohno's First Amended Complaint were moot, this matter was moot, depriving this Court of subject matter jurisdiction, before the Second Amended Complaint was filed.

Accompanying this Second Motion to Dismiss for Lack of Subject Matter Jurisdiction is the declaration of Defendant Brooks. Exhibit 1, Brooks Decl. In that declaration, he states that

he initially denied Mr. Ohno's renewal application given his determination "that the MCX is an assault weapon that can be potentially configured as a short-barreled rifle not suitable for concealed carry, based on the implied intent of the Virgin Islands firearm statutes." *Id.* ¶ 6.

Commissioner Brooks then explains that he is bound to apply the express terms of the Virgin Islands firearms statutes and that such statutes do not prohibit renewal of Mr. Ohno's license of his MCX, based on the type of weapon. *Id.* ¶ 7. He states that, given such express statutory terms, he granted Mr. Ohno's application and renewed his MCX license. *Id.* ¶ 8. He concludes by emphasizing that Mr. Ohno's renewal applications will not be denied in the future, based on the type of weapon "because such renewal does not violate the express terms of the Virgin Islands firearms statutes." *Id.* ¶ 9.

## II.     STANDARD OF REVIEW

### A. A moot claim must be dismissed for lack of subject matter jurisdiction.

Article III of the United States Constitution, requires that "there be a live case or controversy at the time that a federal court decides [a] case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987).[1] "The availability of declaratory and injunctive relief depends on whether there is a live dispute between the parties." *Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003)(quotation omitted). "[I]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Id.* (quotation omitted). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

---

[1] The District Court of the Virgin Islands is an Article IV court, but is authorized by statute to exercise jurisdiction equivalent to an Article III court. *United States v. Virgin Islands*, 363 F.3d 276, 284 n.3 (3d Cir. 2004).

"For a case to be moot in the Article III sense, all plaintiffs who once had Article III standing must have lost it, and none of the recognized exceptions to mootness can apply." *Gulden v. Exxon Mobil Corp.*, 119 F.4th 299, 305 (3d Cir. 2024).  One of the Article III standing requirements is that there be "an injury-in-fact."  *Id.*  Even if the plaintiff can establish an injury-in-fact at the time of filing, the loss of that element during the pendency of the litigation "subjects the affected claims or requests for relief to potential dismissal on mootness grounds."  *Id.*

When a case is moot, there is no subject-matter jurisdiction.  *Genesis HealthCare Corp. v. Symczyk,* 569 U.S. 66, 79 (2013).  The party claiming that the matter became moot after it was filed carries the burden of persuasion.  *Duncan v. Governor of the V.I.*, 48 F.4th 195, 204 (3d Cir. 2022).

When the challenge to subject-matter jurisdiction turns on evidence outside the pleadings, it is a factual attack on jurisdiction, rather than facial.  *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  Given that the issuance of the renewed license for the MCX and the Commissioner's declaration constitute evidence outside the pleadings, Defendants' challenge to this Court's subject-matter jurisdiction is factual.

**B. The voluntary cessation doctrine is stringently applied in this jurisdiction.**

"[W]hen the defendant argues mootness because of some action it took unilaterally after the litigation began," the court is reluctant to declare a case moot.  *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 306 (3d Cir. 2020); *see United States v. Concentrated Phosphate Exp. Ass'n,* 393 U.S. 199, 203 (1968)(emphasizing that "test for mootness" in such cases is "stringent").  Such "voluntary cessation" only moots the case "if it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."  *Harnett*, 963 F.3d at

306 (quotation omitted).  "[T]he touchstone of the voluntary-cessation doctrine is not how willingly the defendant changed course," but "whether the defendant made that change unilaterally and so may return to its old ways." *Id.* (quotation omitted).  "[I]n voluntary-cessation cases, defendants' burden of showing mootness is heavy." *Id.* at 307.

In a case in which plaintiff seeks declaratory relief, the question is whether "there is no reasonable likelihood that a declaratory judgment would affect the parties' future conduct." *Id.* "If it is impossible" to grant any effectual relief, the case is moot. *Clark v. Governor of N.J.*, 53 F.4th 769, 775 (3d Cir. 2022).

## C. Mootness cannot be cured by amendment.

A case that is moot cannot be revived by alleging new facts to support new federal causes of action.  Although, pursuant to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended," there were no defective allegations of jurisdiction in Mr. Ohno's First Amended Complaint.

Jurisdiction cannot be created retroactively.  "[E]very Court of Appeals that has considered the scope of § 1653 has held that it allows appellate courts to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).  Although the jurisdictional facts as additionally alleged gave this Court jurisdiction, those facts are now moot and could not be cured by the filing of the Second Amended Complaint.

The Supreme Court has not interpreted § 1653 as "empower[ing] federal courts to amend a complaint so as to produce jurisdiction where none actually existed before." *Id.* at 831.  As the Third Circuit construes § 1653, it allows "amendment only of defective *allegations* of jurisdiction; it does not provide a remedy for defective jurisdiction itself." *Field v.*

*Volkswagenwerk AG*, 626 F.2d 293, 306 (3rd Cir. 1980).

Mr. Ohno's Second Amendment Complaint did not remedy any jurisdictional allegations in his First Amended Complaint, but rather added new actions over which there would be jurisdiction, if this matter were not already moot, due to lack of jurisdiction. Section 1653 does not permit "substitut[ing] a new action over which there is jurisdiction for one where it did not exist." *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983). When a complaint is moot, it must be dismissed, regardless of whether the complaint is amended to add a live claim. *See Zacharkiw v. Prudential Ins. Co. of Am.*, 2012 U.S. Dist. LEXIS 2477, *15 (E.D. Pa. Jan. 5, 2012); *see Fox v. Board of Trustees of S.U.N.Y.*, 42 F.3d 135, 144 (2d Cir. 1994)(holding that plaintiff cannot avoid dismissal of moot case by proposing to amend complaint).

**D. Subject matter jurisdiction must be decided by district court.**

The Magistrate Judge's comments concerning whether this Court has subject matter jurisdiction are of no moment. A magistrate judge does not have the authority to decide a motion to dismiss for lack of subject matter jurisdiction, when the parties have not consented to the magistrate judge exercising the jurisdiction of a district judge, because such motions are considered dispositive. 28 U.S.C. § 636(b)(1)(A); *see In re United States Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998). "[T]he magistrate has no authority to make a final and binding disposition*." United States v. Raddatz*, 447 U.S. 667, 673 (1980). A magistrate judge's unauthorized orders and the results flowing from such orders, cannot be countenanced. *Mitchell v. Valenzuela*, 791 F.3d 1166, 1174 (9th Cir. 2015).

Final decisions on dispositive motions, such as those involving subject matter jurisdiction, are reserved for the District Court. Even when an objection has not been filed, such

an order cannot become final until the district court judge reviews it *de novo*, because "the district court retains final adjudicatory authority." *Prater v. Dep't of Corr.,* 76 F.4th 184, 194 (3d Cir. 2023).

Importantly, objections to subject-matter jurisdiction can never be waived. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). "Defenses relating to subject matter jurisdiction can be raised at any time." *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 347 (3d Cir. 2003). Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even if no party raises the issue. *Gonzalez*, 565 U.S. at 141.

III.    **ARGUMENT**

    A. **Denial of Mr. Ohno's renewal application for his MCX based on the type of weapon will not recur under current Virgin Islands law.**

Mr. Ohno initially was granted a license for his MCX and had the license once renewed based on the express terms of the Virgin Islands firearms statutes, which do not expressly prohibit the issuance of a concealed carry license of an MCX. When he applied for renewal a second time, Commissioner Brooks, based on the implied intent of the Virgin Islands firearms statutes, denied the renewal application. After further consideration, he determined that he was bound by the express terms and reversed his decision. He also has declared that Mr. Ohno's future renewal applications will not be denied based on the type of weapon, given the express terms of the Virgin Islands firearms statutes.

Defendants did not grant Mr. Ohno's license to moot this litigation. They did so based on a change in the way that they construed and applied the Virgin Islands firearm statutes. With respect to the licensing of an MCX, Defendants consider themselves bound by the literal terms of the applicable statutes, not the implied intent. Taking into account that Commissioner Brooks has declared that Mr. Ohno's renewal application for his MCX will not be denied in the future

based on the type of weapon, unless and until there is a change to the Virgin Islands firearms statutes, there is no possibility of Mr. Ohno being denied a firearms license for his MCX based on the type of weapon.

Therefore, the voluntary-cessation exception to the mootness doctrine does not apply. It is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.

In *Taveras v. New York City*, 2023 U.S. Dist. LEXIS 69420, *3 (S.D.N.Y. Apr. 20, 2023), plaintiff was denied a rifle/shotgun license, and after he filed suit, was granted the license. The court found that the voluntary cessation exception did not apply because there was no reason to suspect plaintiff would be injured again by the denial of such license. *Id.* at *23. The court stated: "More specifically, there is no indication that the NYPD will arbitrarily revoke, suspend, or refuse to renew his license in the future." *Id.*

Here, as in *Taveras*, there is no indication that the Commissioner will arbitrarily revoke, suspend or refuse to renew Mr. Ohno's license in the future. Quite the contrary. The Commissioner has declared that, unless there is a change to the Virgin Islands firearm statutes, Mr. Ohno's future renewal applications will not be denied based on the type of weapon. Therefore, Mr. Ohno's claim is moot even though the Commissioner granted his renewal application after he filed suit.

Furthermore, no repeal or change to V.I. laws or regulations is needed to moot Mr. Ohno's claims. Although such a repeal or change could moot a facial challenge to a law, the reversal of an unfavorable decision based on the challenged law can also moot the challenge, because without an injury, there is no standing. *Vertex Tower Assets, LLC v. Town of Wakefield*, 771 F. Supp. 3d 80, 90-91 (D.N.H. 2025)(relying on *Severino v. Rovella*, 2024 U.S. Dist. LEXIS

6607, at *12 (D. Conn. Jan. 12, 2024)("Because [plaintiff] now has his pistol permit, a court ruling in his favor would not alter the rights with respect to the pistol permit he now has," despite the same licensing structure still being in place)).

In *Severino v. Rovella*, 2024 U.S. Dist. LEXIS 6607 (D. Conn. Jan. 12, 2024), under similar circumstances, the court found that a facial challenge to a state pistol permitting statute was mooted by the grant of the pistol permit to plaintiff during the pendency of the federal action. In *Severino*, plaintiff had been denied a firearms permit. *Severino*, 2024 U.S. Dist. LEXIS 6607, at *3. He filed an administrative appeal. *Id.* at *3-4. While that appeal was pending, he filed a federal action, alleging *inter alia,* that "Connecticut's pistol permitting laws violate the Second and Fourteenth Amendments." *Id.* at *3-4. Before the federal matter was decided, he won his administrative appeal and was granted the permit. *Id.* at *4. The court dismissed due to mootness based on this voluntary cessation. *Id.* at *12. The court found that plaintiff had obtained the relief he sought – the firearms permit – and that there was no reasonable expectation that the alleged violation would recur specifically against him. *Id.*

Even though there has been no change to the V.I. laws or regulations, because the Commissioner granted Mr. Ohno's renewal application and there is no reasonable expectation the alleged violation will recur, given that the Commissioner considers himself bound by the express terms of the Virgin Islands firearms laws as pertains to the MCX, a Court ruling in Mr. Ohno's favor would not give him any further relief.

Just as in *Severino*, the approval of Mr. Ohno's renewal application has eliminated the injury upon which his standing to pursue the facial challenge was based — denial of his application. Because this injury has been abated, Mr. Ohno's facial challenge is moot.

None of the exceptions to the mootness doctrine apply. As in *Severino*, there is no reason

to expect the alleged violation to recur against Mr. Ohno. The question is not whether the licensing structure is still in place, but whether Mr. Ohno will continue to have a license under that structure. *See id.* at *11-12. By issuing Mr. Ohno a license, Defendants have not thwarted his ability to obtain relief, but rather have provided him the very relief he sought. *See id.* "And nothing in this record suggests that the alleged violation will recur specifically against Mr. [Ohno], or that Defendants will, or even have the authority to, reverse course" as to Mr. Ohno's permit. *See id.* (footnote omitted).

The renewal of Mr. Ohno's license has mooted this matter. It must be dismissed for lack of jurisdiction.

### B. Mr. Ohno is not entitled to any further relief.

In *Taveras*, the court also addressed the concern that plaintiff was harmed because he could no longer pursue a claim for prospective relief. *Taveras*, 2023 U.S. Dist. LEXIS 69420 at *24. The court reasoned: "By issuing Plaintiff a rifle/shotgun license, Defendants have not thwarted his ability to obtain relief; rather, they have provided him the very relief he seeks." *Id.*

In *Taveras*, the court acknowledged plaintiff's frustration, but found that, nonetheless, it had no choice but to dismiss, stating:

> The mootness doctrine may be frustrating to litigants who are determined to seek forward-looking remedies. But that frustration is by design, as federal courts are not in the business of issuing opinions that are hypothetical or advisory. Because a ruling in Plaintiff's favor would not alter his right to possess a rifle or shotgun within New York City, the Court lacks jurisdiction to issue Plaintiff declaratory or injunctive relief.

*Id.* (citation omitted).

Mr. Ohno has been issued the renewed license that he sought. If the Court were to rule in Mr. Ohno's favor, the most that he could obtain is the relief that he sought, which is the renewal of this license. Therefore, as in *Taveras,* "the Court lacks jurisdiction to issue Plaintiff

declaratory or injunctive relief." *See id.* at *25; *see also Libertarian Party v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2020)(concluding that the issuance of a gun license mooted challenge to gun laws).

Similarly here, the Commissioner has provided Mr. Ohno with the very relief he seeks; renewal of his firearms license. Therefore, there is no further relief the Court can grant him.

### C. The Commissioner had jurisdiction to reconsider his decision.

The Commissioner retained jurisdiction to grant Mr. Ohno's renewal application even though he had filed this action. Mr. Ohno did not appeal the denial of his renewal application to Superior Court, pursuant to 23 V.I.C. § 472, which provides:

> Any applicant aggrieved by the denial of his application for a license hereunder or any person whose license has been revoked, shall be entitled to judicial review thereof by filing an appeal with *the Superior Court of the Virgin Islands* within 15 days after the date of the action complained of. . . .

(emphasis added). This Court does not have jurisdiction to decide his administrative appeal – only the Superior Court does. *See Smith v. United States V.I. Police Dep't*, 27 V.I. 42, 43 (V.I. Terr. 1992)("The controlling statute is unambiguous and compliance with its terms is mandatory and jurisdictional."). Because Mr. Ohno did not file an administrative appeal in the Superior Court, nothing prevented the Commissioner from reconsidering his decision. Moreover, there was no stay ever issued or any order enjoining the Commissioner from granting Mr. Ohno the very relief he sought.

### D. Mr. Ohno's concerns about the V.I. firearms licensing regime are not sufficient for this Court to retain jurisdiction.

Mr. Ohno's objections to the Virgin Islands firearms laws and regulations do not translate to a cognizable injury. *See Taveras*, 2023 U.S. Dist. LEXIS 69420, at *15 ("Plaintiff's mere objection or antipathy to this broad array of gun regulations does not translate to an injury

cognizable under Article III.")(quotation omitted)).  Mr. Ohno's concerns about "a legal regime that he believes to be unconstitutional under recent Supreme Court precedent," does not give him standing.  *See Taveras* at *16.

As explained in *Taveras*,

> Plaintiff's theory turns standing doctrine on its head.  Taken to its logical conclusion, it would allow people to challenge any state or local law that they perceived to be unconstitutional, whether that law affected them or not.  In other words, it would transform our judiciary from an adversarial system to a "publicly funded forum[] for the ventilation of public grievances[.]" *Valley Forge Christian Coll.* [*v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982)].  [*New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022)] altered substantive Second Amendment law, but it did not abrogate the fundamental principle that plaintiffs may only seek redress in federal court for their actual, concrete injuries. *See Lujan* [*v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)].

*Id.* at *16-17.

Thus, Mr. Ohno's claims that the V.I. law and regulations are unconstitutional do not give him standing.  Because he cannot show any injury that the V.I. laws and regulations are causing him, this matter is moot.

### E. Mr. Ohno received the renewal he applied for and sued for.

Mr. Ohno sought renewal of the license for his MCX that was set to expire.  That license bore the endorsement "Business Protection."  When the Commissioner denied renewal, he sued for the renewal of that license.  He has never requested anything beyond the renewal of the license he previously held.

Mr. Ohno has now been issued a renewal of the license for his MCX.  This was the relief that he sought in his First Amended Complaint, ECF No. 2.

In his First Amended Complaint, Mr. Ohno alleges that in 2018, his application for "concealed carry licenses" were approved for both his 9mm HK P30 SK ("HK") and an MCX.

First Am. Compl. ¶ 11.  He states that in 2021, he "applied to the VIPD to renew his concealed carry licenses for the HK and MCX."  Id. ¶ 12.  He emphasizes that again, his application was approved and his "concealed carry licenses for both firearms" were renewed.  Id. ¶ 13.  Both licenses bore the "Business Protection" endorsement.

Mr. Ohno recognizes that a "Business Protection" license is a concealed carry license.  In Paragraph 40 of his Affidavit dated April 29, 2025, ECF No. 13-1, Mr. Ohno refers to the license for his HK with the endorsement "Business Protection" as "a concealed carry license" and the license for his MCX with the endorsement "Home Protection" as only "a home possession license."  *See* Exhibit 6 to Ohno's Aff., ECF No. 13-8.

Mr. Ohno filed suit because his 2024 renewal application, in which he "attempted to renew his concealed carry licenses for both firearms," was denied as to his MCX.  First Am. Compl. ¶¶ 19, 21, 29, 33, 47.  In his Complaint, Mr. Ohno sought injunctive relief requiring the issuance of "a renewed concealed carry firearm license of his MCX."  *Id.* ¶ 47.

The Court ordered Defendants to "issue a Virgin Islands concealed carry firearm license issued to Kosei Ohno for his Sig Sauer MCX .300 Virtus Pistol ("MCX license"), which extends his 2021 MCX license through May 23, 2028."  ECF No. 30 at 1 ¶ 2.  Defendants have now gone a step further in that the Commissioner has renewed his MCX license for the usual time period.

Mr. Ohno has consistently acknowledged that a license with the endorsement "Business Protection" license is a concealed carry license.  Mr. Ohno sought and was granted a license pursuant to 23 V.I.C. § 454(3) which provides that "[a] firearm . . . may be lawfully had, possessed, borne, transported or carried in the Virgin Islands, by the following persons, provided a license or such purpose has been issued by the Commissioner in accordance with the

provisions of this chapter: . . .A person having a bona fide residence or place of business within the Virgin Islands, who established to the satisfaction of the Commissioner that he has good reason to fear death or great injury to his person or property, or who establishes any other proper reason for carrying a firearm, and the circumstances of the case, established by affidavit of the applicant and of at least two credible persons, demonstrate the need for such license." Both Mr. Oho and the VIPD reasonably construe such a license, which bears the endorsement "Business Protection," to be a concealed carry license.

Defendants granted Mr. Ohno the relief he sought in his First Amended Complaint. No further action need be taken in this matter and it is moot, because Mr. Ohno has been afforded the relief that he requested – the renewal of his concealed carry firearms license for his MCX.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court **GRANT** their Second Motion to Dismiss for Lack of Subject Matter Jurisdiction and **DISMISS** Mr. Ohno's Second Amended Complaint due to mootness.


        Respectfully submitted,

        GORDON RHEA, ESQ.
        ATTORNEY GENERAL


**Dated**: January 21, 2026      **BY**:    */s/ Julie Beberman, Esq.*
        Julie Beberman, Esq.
        Assistant Attorney General
        Department of Justice
        6151 Estate LaReine
        Kingshill VI  00850
        julie.beberman@doj.vi.gov