**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. THOMAS & ST. JOHN**

| | |
|---|---|
| **KOSEI OHNO,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**HONORABLE MARIO BROOKS,**<br>**In his capacity as COMMISSIONER OF**<br>**THE VIRGIN ISLANDS POLICE**<br>**DEPARTMENT and GOVERNMENT**<br>**OF THE VIRGIN ISLANDS,**<br><br>　　　　　**Defendants.**<br>_____ | 3:25-cv-00014-RAM-EAH |

**TO:**　Adam G. Christian, Esq.
　　　　Julie Anne Beberman, Esq.

**ORDER**

**THIS MATTER** comes before the Court on a Motion to Reconsider Order Setting Initial Conference, filed on February 8, 2026, by the Defendants Mario Brooks, in his capacity as Commissioner of the Virgin Islands Police Department, and the Government of the Virgin Islands, by and through the Virgin Islands Department of Justice. Dkt. No. 56. For the following reasons, the Defendants' motion is denied.

To support their request for reconsideration, the Defendants contend that the parties requested an informal discovery conference with the undersigned. *Id.* The Defendants believe that the informal discovery conference must occur before the initial conference "so that [the Defendants] may file a motion for a protective order, following a Rule 37.1(c) informal conference." *Id.* at 3.

*Ohno v. Brooks*
3:25-cv-00014-RAM-EAH
Order
Page 2

In the parties' joint request for informal discovery conference filed with this Court on February 8, 2026, Dkt. No. 56-1, the parties state that "[t]he heart of the parties' discovery dispute is whether discovery must await the Court's disposition of Defendants' two pending motions to dismiss for lack of subject matter jurisdiction based on the mootness doctrine." *Id.*; *see also* Dkt. Nos. 33, 51.

The Court fails to understand how the Defendants can remotely assert and believe that a dispute over whether discovery must await pending motions to dismiss under the circumstances would supersede the basic understanding of Local Rule of Civil Procedure 26.6, which provides that "[t]he filing of a motion under Federal Rule of Civil Procedure 12 does not automatically operate to stay discovery. Any party seeking a stay of discovery must apply to the Court for such relief." LRCi 26.6.

In the instant matter, the Defendants fail to acknowledge that the Court denied their first motion to dismiss for lack of jurisdiction due to mootness, on February 2, 2026, six days before the parties' joint request for informal discovery conference. *See* Dkt. No. 53. On January 21, 2026, the Defendants filed a second motion to dismiss for lack of jurisdiction on the same basis as the first motion, mootness. Dkt. No. 51. That motion is now pending before the Court. Interestingly, notwithstanding the pendency of that motion, the Defendants have never filed a motion to stay discovery.[1] Local Rule of Civil Procedure 26.6 is clear and

---

[1] The Defendants did not file a motion for stay for the first motion to dismiss, nor have they filed one for their second motion to dismiss.

*Ohno v. Brooks*
3:25-cv-00014-RAM-EAH
Order
Page 3

unambiguous that the filing of a dispositive motion does not automatically stay discovery. *See* LRCi 26.6.

Accordingly, there being no manifest injustice by the Court proceeding with what the Defendants agree is the Court's obligation to schedule discovery, pursuant to Federal Rule of Civil Procedure 16,[2] it is now hereby **ORDERED** that the Defendants' motion for reconsideration, Dkt. No. 56, is denied.

ENTER:

Dated: February 9, 2026

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE

---

[2] The Court declines to enter a stay in this matter *sua sponte*.