**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **KOSEI OHNO,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:25-cv-0014** |
| **HONORABLE MARIO BROOKS, in his capacity as COMMISSIONER OF THE VIRGIN ISLANDS POLICE DEPARTMENT, and GOVERNMENT OF THE VIRGIN ISLANDS,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**BEFORE THE COURT** is Plaintiff's Second Motion for Temporary Restraining Order and Preliminary Injunction (Mot.) (Dkt. No. 116), filed October 11, 2026. Defendants filed an opposition to the motion, *see* Dkt. No. 118, and Plaintiff filed a reply thereto. *See* Dkt. No. 119. For the following reasons, the Court will deny the motion.

## I. RELIEF REQUESTED

By his motion, Plaintiff seeks "an order immediately preventing Defendants from enforcing the provisions of Act No. 9113 and the Additional Amendments that have been determined to be unconstitutional under binding and persuasive precedents." Motion at 2.[1] One remedy Plaintiff requests is for the Court to "protect all of the pre-Act rights of Plaintiff and restrain and enjoin Defendants from enforcing the portions of Chapter 5, as modified by Act No. 9113 and the Additional Amendments *pendente lite*." *Id*. at 12. Plaintiff's motion includes allegations that Defendants' "practice of searching the luggage and/or demanding to inspect firearms of those entering the Territory violates the Fourth Amendment," *id*. at 12 (capitalization in original modified); the "17-round limit on magazines and ban on suppressors are unconstitutional," *id*. at 13 (capitalization in original modified); the

[1] Act No. 9113, as amended by Act No. 9128, substantially revises Title 23, chapter 5 of the Virgin Islands Code, regarding the control of firearms and ammunition, as well as certain provisions of Title 14, chapter 113 of the code. The Act was signed into law by Governor Albert Bryan, Jr. on June 24, 2026.

"limitations on public areas where Plaintiff may carry firearms are overbroad, *id*. at 15 (capitalization in original modified); and the "disposition of fees collected for firearms licensure and registration is unconstitutional." *Id*. at 16 (capitalization in original modified).

Defendants oppose on the grounds that Plaintiff's MCX "remains duly licensed" and that "he will not suffer irreparable harm if his licensed MCX is not authorized for concealed carry." Government's Opposition to Motion for Temporary Restraining Order and Preliminary Injunction (Opp'n) (Dkt. No. 118) at 7. They also note that Plaintiff's claims related to Act No. 9113 are not contained in the pending complaint. *Id*. Further, Defendants maintain that searches at the airport qualify as administrative searches and do not violate the Fourth Amendment, as well as minimally intrusive. *Id*. at 8-9. Defendants dispute that Plaintiff meets the requirements for injunctive relief.

## II. LEGAL STANDARD

The standard to obtain a temporary restraining order and/or a preliminary injunction are the same. *Kaeun Kim v. Essex Cnty. Prosecutors Off*., No. 26-1741, 2026 U.S. App. LEXIS 25147, at *2 (3d Cir. Aug. 20, 2026); *Keene v. Cheeks*, Civ. No. 25-7375 (SDW) (LDW), 2026 U.S. Dist. LEXIS 13949, at *8 (D.N.J. Jan. 26, 2026) (citing *Mirashi v. Doe*, No. 25-1805, 2025 U.S. Dist. LEXIS 54141, 2025 WL 893003, at *3 (D.N.J. Mar. 21, 2025) (*citing Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017))). Plaintiff must demonstrate that: (1) he is likely to succeed on the merits of his claim; (2) he will suffer irreparable harm without preliminary relief; (3) the balance of equities favors an injunction; and (4) an injunction is in the public interest. *Veterans Guardian VA Claim Consulting LLC v. Platkin*, 133 F.4th 213, 218 (3d Cir. 2025). The *Platkin* court continues, "The first two factors are 'gateway factors': A plaintiff must satisfy them both to be eligible for preliminary relief." *Id*. at 218 (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)).

## III. DISCUSSION

Contrary to Plaintiff's assertions, the Court finds that he is not likely to succeed on the merits or that he will suffer irreparable harm if his motion is not granted. It is settled law that "because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits, the injury claimed in the

motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." *James v. Varano*, 2017 U.S. Dist. LEXIS 32346, at *7 (M.D. Pa. Mar. 7, 2017) *quoted in Brown v. Wolf*, 2:16-CV-01081-MJH-RAL, 2026 U.S. Dist. LEXIS 11098, at *5 (W.D. Pa. Jan. 21, 2026). As the Third Circuit has observed, "[T]here must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." *James*, 2017 U.S. Dist. LEXIS 32346, at *7 (citing *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010)). Or, as the Delaware District Court has succinctly stated, "A party pursuing injunctive relief is confined to arguing the merits of his or her complaint." *Zandford v. U.S. Dep't of the Treasury*, C.A. No. 26-1159-CFC, 2026 U.S. Dist. LEXIS 217250, at *2 (D. Del. Sept. 24, 2026). Here, most of the relief Plaintiff seeks is not related to the claims of his operative complaint; it relates to a statute enacted after the filing of his operative complaint.[2] An examination of the claims of Plaintiff's operative complaint, which contains seven counts, reveals the following.

Count One centers on Defendant Brooks's denial of Plaintiff's renewal application for a concealed carry license for his MCX. *See* Dkt. No. 78 at 11-13. Under the Court's preliminary injunction order, *see* Dkt. No. 30, Plaintiff's concealed carry license for his MCX was extended through May 23, 2028. In addition, Act No. 9113 amends the Virgin Islands Code with a new Section 452 of Title 23, which provides:

> Any valid, unexpired license to possess or carry a firearm in the Virgin Islands issued by the commissioner prior to the effective date of this chapter shall serve as both a Virgin Islands Firearms License and a registration certificate for the purposes of this chapter until the date of expiration shown on the license.

Act No. 9113 (a copy of which is filed at Dkt. No. 106-1) at 4. Because Plaintiff's license was renewed and remains valid through May 23, 2028, this count has been rendered moot. Even if the claim somehow remains viable, because Plaintiff holds a valid license, he cannot show irreparable harm requiring a preliminary injunction at this juncture of the proceedings.

Count Two alleges a violation of Section 1983 "through a host of customs, practices, and policies." Although one of the "customs, practices, and policies" enumerated cites

---

[2] The current operative complaint in this matter is Plaintiff's Corrected Second Amended and First Supplemental Complaint. *See* Dkt. No. 78.

"limiting or barring individuals right to possess and carry firearms attachments, such as noise suppressors, standard capacity magazines," Dkt. No. 78 at 13, which overlaps with one of the bases of the motion, Plaintiff does not demonstrate how the newly enacted legislation impacts these rights. First, Act No. 9128 amends Act No. 9113 by allowing a person who holds a valid Virgin Islands Firearm License to lawfully possess a firearm suppressor for that firearm under certain conditions. *See* Act No. 9128, § 4(11)(c). Plaintiff has not demonstrated, at this stage of the litigation, how those provisions are unconstitutional. Plaintiff also fails to a demonstrate a likelihood of success on the merits with regards to issues concerning limiting his right to possess "standard capacity magazines" in light of existing preliminary injunction order and the requirements contained in Act Nos. 9113 and 9128.

Count Three contains allegations of being subject to "unreasonable" searches at the airport, which are echoed in Plaintiff's motion. However, as the Government argues in its opposition, Plaintiff is unlikely to succeed on the merits of this claim under the administrative search doctrine. Opp'n at 8-9. The Court is certainly not inclined to prohibit law enforcement from searching Plaintiff's (or anyone else's) luggage at the airport. Such relief is extremely broad and not supported by law. Also, Plaintiff fails to show how he is irreparably harmed by these searches.

Count Four is based on 23 V.I.C. § 472, which allows an appeal of a denial of a firearms license application to the "Superior Court of the Virgin Islands." Nothing in Plaintiff's motion is related to this count.

Count Five alleges a claim under Section 1983 for violation of due process rights regarding the grounds for an appeal from a denial of a firearms license application. Again, Plaintiff's motion does not seek relief from a denial of a firearms license application. Moreover, the amendments to the firearms chapter contained in Act No. 9113 more than likely address this claim.

Count Six attempts to state a Second and Fourteenth Amendment facial challenge to of the Virgin Islands firearms statutes and regulations. Although Plaintiff's motion could be connected to some of the allegations contained in this count, many of the specific allegations

contained in the count may be rendered moot by Act No. 9113. Regardless, no irreparable harm is evident if injunctive relief is not granted pending a full disposition on the merits of the underlying claim.

Count Seven alleges that the Virgin Islands firearms statutes are "inconsistent" with the Second Amendment and are, therefore, void under the Revised Organic Act. While Plaintiff's motion maintains the unconstitutionality of some of the provisions of Act No. 9113, the motion is silent regarding a violation of the Revised Organic Act. Moreover, it is unclear what, if any, irreparable harm is present in light of the preliminary injunction that's currently in place.

## IV. CONCLUSION

In sum, the Court finds that a majority of Plaintiff's motion is unrelated to the claims contained in his operative complaint. In addition, the Court is not persuaded that Plaintiff is likely to succeed on the merits of all his claims nor that Plaintiff will suffer irreparable harm if injunctive relief is not granted. Even if some of Plaintiff's claims "pass" these two "gateway" factors, the Court also finds that the balance of equities does not favor an injunction and that an injunction is not in the public interest in the matter at bar. Thus, the Court finds that Plaintiff is not entitled to further injunctive relief at this juncture.[3]

Accordingly, it is hereby

**ORDERED** that Plaintiff's Second Motion for Temporary Restraining Order and Preliminary Injunction, Dkt. No. 116, is **DENIED**.

**Dated**: October 29, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**

[3] The Court's Preliminary Injunction Order (Dkt. No. 30), entered May 26, 2025, remains in full force and effect until the conclusion of this matter or until further order of the Court.